Cupp, J.,
dissenting.
{¶ 35} I join Justice O’Donnell’s dissent, which cogently explains why the noncompete agreements in this case transferred by operation of law to appellant, Acordia of Ohio, L.L.C., through the series of mergers. Therefore, I agree that the judgment of the court of appeals should be reversed.
{¶ 36} The determination that the agreements transferred by operation of law pursuant to the statute through the several mergers, however, does not definitively resolve the separate and distinct question whether the agreements are ultimately enforceable. The transfer by operation of law does not, in my view, foreclose appropriate relief to the parties to the noncompete agreement under traditional principles of law that regulate and govern noncompete agreements.
{¶ 37} During the progress of this case in the lower courts, it appears that there was insufficient appreciation of the legal distinction between the issue of transfer and the issue of the agreements’ enforceability after transfer. As a result, there has been no specific and discrete inquiry thus far into the agreements’ enforceability. Thus, if the transfer of the noncompete agreements by operation of law were appropriately recognized by our decision today, then this matter would properly be remanded for additional proceedings that could explore the enforceability of the agreements under the principles that govern such agreements.
{¶ 38} As the lead opinion explains, at ¶ 2, the noncompete agreements at issue in this case were signed between 1993 and 2000. The pertinent series of mergers and acquisitions started in 1994, when Frederick Rauh and Company, a single-office insurance agency in Cincinnati, was acquired by Acordia of Ohio, Inc. (“Acordia, Inc.”) and concluded when Acordia, Inc., merged with Acordia of Ohio, L.L.C., effective late in 2001. When these employees resigned from Acordia of Ohio, L.L.C., in 2005, their employer had grown to have multiple offices, with 5,000 to 6,000 customers in the Cincinnati office alone. The changes that occurred over the years and other factors in this record would seem to be relevant to the issue of the enforceability of these agreements.
*355 Katz, Teller, Brant & Hild, James F. McCarthy III, and Laura Hinegardner, for appellant.
Denlinger, Rosenthal & Greenberg, L.P.A., Mark E. Lutz, and Michael P. Majba, for appellees.
Taft Stettinius & Hollister, L.L.P., W. Stuart Dornette, John B. Nalbandian, and Ryan M. Bednarczuk, urging reversal for amici curiae Ohio Chamber of Commerce and Ohio Chemistry Technology Council.
Beckman Weil Shepardson, L.L.C., and Peter L. Cassady, urging reversal for USI Holdings Corp. and USI Midwest, Inc.
Benesch, Friedlander, Copian & Aronoff, L.L.P., and Jennifer Turk, urging reversal for Willis of Ohio, Inc.
Hylant Group, Inc., and Michelle Lafferty, urging reversal for Hylant Group, Inc.
Jones Day, Robert P. Ducatman, and Meredith M. Wilkes, urging reversal for amicus curiae PNC Financial Services Group, Inc.
Fortney & Klingshirn and Neil Klingshirn; and Gregory Gordillo, urging affirmance for amicus curiae Ohio Employment Lawyers’ Association.
{¶ 39} The proceedings on remand would likely encompass those matters normally focused on when noncompete agreements are challenged, such as whether the agreements are reasonable and whether the employees incurred additional obligations or duties as the mergers occurred so that the agreements should not be enforced on their original terms. See, e.g., Lake Land Emp. Group of Akron, L.L.C. v. Columber, 101 Ohio St.3d 242, 2004-Ohio-786, 804 N.E.2d 27, ¶ 9 (noncompete agreements are enforceable if they contain reasonable geographical and temporal restrictions); Raimonde v. Van Vlerah, 42 Ohio St.2d 21, 325 N.E.2d 544 (1975), paragraphs one and two of the syllabus (a noncompete agreement that “imposes unreasonable restrictions upon an employee will be enforced to the extent necessary to protect an employer’s legitimate interests”; a noncompete agreement “is reasonable if the restraint is no greater than is required for the protection of the employer, does not impose undue hardship on the employee, and is not injurious to the public”).
{¶ 40} Consequently, the issue of the enforceability of the noncompete agreements after the merger, an inquiry independent from the determination of their transfer by operation of law, remains to be explored.
{¶ 41} The judgment of the court of appeals should be reversed, and this cause should be remanded for further proceedings.
Lundberg Stratton, J., concurs in the foregoing dissenting opinion.